IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Starr Penix, Individually and as Administrator of the Estate of Blake E. Penix,<br><br>        Plaintiff,<br><br>v.<br><br>Alpha One Express LLC and Mustafa Hanli,<br>        Defendants. | **COMPLAINT**<br><br>**(Jury Trial Demanded)** |

Plaintiff Starr Penix, individually and as Administrator of the Estate of Blake E. Penix ("Plaintiff" or "Starr"), by and through her attorneys, hereby complains of Defendants as follows:

**PARTIES, JURISDICTION & VENUE**

1. This is a civil action for damages arising out of the interstate transportation of goods which resulted in a fatal truck crash on November 27, 2024 on I-95 near Dillon, South Carolina.

2. Starr Penix is domiciled in, and is a citizen and resident of the State of Virginia. Starr is the duly appointed Administrator of the Estate of Blake E. Penix ("Blake") and has authority to bring this Wrongful Death action on behalf of Blake's beneficiaries under the South Carolina Wrongful Death Act, S.C. Code Ann. § 15-51-10 *et seq.*, and to bring this Survival action on behalf of Blake's Estate pursuant to S.C. Code Ann. § 15-5-90.

3. Defendant Alpha One Express LLC ("Alpha One") is a limited liability company organized and existing pursuant to the laws of the State of Ohio. Alpha One is a motor carrier that provides interstate transportation services, which regularly conducts and transacts business, including through its commercial motor vehicle drivers, in and throughout South Carolina.

1

4. Defendant Mustafa Hanli ("Hanli"), a commercial motor vehicle driver, is domiciled in, and a citizen and resident of the State of New Jersey.

5. The Court has specific personal jurisdiction over Starr and Defendant Hanli, as Blake and Defendant Hanli were both operating motor vehicles in this District at the time of the collision.

6. The Court has specific personal jurisdiction over Defendant Alpha One as it purposefully availed itself of the privilege of conducting business and other activities in this District, specifically in that it was actively engaged in business directly related to the collision such that it should have foreseen the possibility of litigation in the State through which it was providing transportation services.

7. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), as there is complete diversity among the parties and Starr's damages exceed Seventy-Five Thousand and 00/100 Dollars ($75,000.000), exclusive of interest and costs.

8. Upon information and belief, none of the members of Alpha One are domiciled in South Carolina.

9. Pursuant to 28 U.S.C §1332(b) and Local Civil Rule 3.01(A)(1), venue is proper in the Florence Division because the most substantial part of the acts and omissions giving rise to this claim occurred in Dillon County, South Carolina.

## FACTS

10. On Wednesday, November 27, 2024, Starr and Blake were traveling on I-95 (south) on their way to Georgia to visit Blake's family for Thanksgiving, which was the following day.

11. It was going to be their first Thanksgiving as a married couple, having tied the knot two months earlier.

12.  Starr and Blake left Virginia on Tuesday, November 26, 2024, stopped at a hotel for the night, and then continued the drive to Georgia early the following morning.

13.  At approximately 6:25 a.m., near mile marker 193, Blake was driving the Penix's 2010 Honda CRV.  Blake was in the right lane of I-95, when he approached heavy traffic and safely slowed down or stopped because of the traffic conditions.

14.  At the same time and in the same area, Defendant Hanli was operating a tractor trailer, purportedly on behalf of Alpha One as the motor carrier.

15.  Defendant Hanli was traveling in the same direction on I-95, also in the right lane, but some distance behind the Penix's vehicle and the backed-up traffic.

16.  Due to his inattention and reckless driving, or worse, rather than safely bringing his tractor trailer to a stop or slowing down in accordance with traffic conditions, Defendant Hanli rear-ended the Penix's vehicle at high speed.  He then crashed into several more vehicles, causing a massive multi-car collision which injured and killed several people.

17.  As a result of the crash, both Starr and Blake suffered great physical harm, pain and suffering, and injuries.  Blake died on scene, with Starr trapped in the Penix's crushed vehicle beside her deceased husband.

18.  At all times relevant hereto, Blake and Starr acted in a safe, prudent, and reasonable manner and in in no way contributed to their own injuries or death.

19.  Upon information and belief, at the time of the collision, Defendant Hanli was operating the tractor trailer in the course and scope of his purported employment with, or allegedly under dispatch to, Defendant Alpha One and/or as a statutory employee of one or more unidentified Motor Carriers.

## FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Negligence/Recklessness, Negligence *Per Se*, Vicarious Liability)

20. Plaintiff realleges the foregoing paragraphs as if set forth fully herein.

21. Defendant Hanli owed a duty to Starr and Blake to operate his tractor trailer in a safe and reasonable manner, and in accordance with state and federal law.

22. Defendant Hanli breached his duty to use due care or even slight care in operating his tractor trailer. He was negligent, negligent *per se*, grossly negligent, and reckless in numerous ways, including but not limited to:

   a. failing to maintain proper control of his vehicle;

   b. failing to keep a proper lookout;

   c. driving while inattentive, distracted, or impaired;

   d. failing to properly apply the brakes;

   e. driving at an excessive and unreasonable rate of speed under the conditions;

   f. failing to operate the vehicle in a safe manner;

   g. acting in violation of applicable state and federal statutes and regulations;

   h. acting in violation of FMCSA's regulations and industry standards;

   i. failing to use the degree of care and caution that a reasonable and prudent person would have used under the circumstances;

   j. acting with reckless disregard for the rights and safety of others;

   k. failing to properly maintain the tractor trailer in compliance with state and federal regulations;

   l. failing to institute, maintain and/or enforce proper policies and procedures to ensure that its employees execute their responsibilities in a reasonable fashion to protect innocent citizens such as Plaintiffs;

   m. failing to have in place an adequate safety program for the safety and protection of the motoring public;

      n. such other and further acts and omissions as discovery may reveal and the evidence at trial may show.

22. Defendant Alpha One is vicariously liable for all acts and omissions of Defendant Hanli pursuant to the doctrine of *respondeat superior*, agency, and/or by operation of federal law pursuant to the applicable leasing regulations and statutory employment principles.

23. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff Starr Penix has suffered and will continue to suffer one or more of the following elements of damages:

      a. Physical pain;

      b. Disfigurement and permanent impairment;

      c. Suffering;

      d. Mental anguish;

      e. Emotional distress;

      f. Past and future medical bills and other economic loss;

      g. Permanent injuries;

      h. Lost wages and loss of future earning capacity; and

      i. Other economic and noneconomic damages as the evidence may show.

24. Plaintiff is entitled to an award of all actual, consequential, incidental, and punitive damages against Defendants.

### FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT ALPHA ONE EXPRESS LLC
**(Negligent Hiring, Training, Supervision and/or Entrustment)**

25. Plaintiff realleges the foregoing paragraphs as if set forth fully herein.

26. Defendant Alpha One was negligent, negligent *per se*, grossly negligent, and reckless in purportedly hiring Defendant Hanli and entrusting him to drive the tractor trailer,

purportedly under its motor carrier authority, in that Defendant Alpha One knew or should have known that Defendant Hanli was too incompetent, unfit, inexperienced, and/or reckless to operate the tractor trailer, which created an appreciable risk of harm to the public, including Starr and Blake Penix.

27. Defendant Alpha One was negligent, negligent *per se*, grossly negligent, and reckless in failing to properly train and supervise Defendant Hanli, in that Defendant Alpha One permitted Defendant Hanli, who was within its control, to operate the tractor trailer with actual or constructive knowledge that Defendant Hanli posed a danger to the public, including Starr and Blake Penix.

28. Defendant Alpha One's acts and/or omissions in purportedly hiring, training, and supervising Defendant Hanli, and in entrusting him with the tractor trailer, were a direct and proximate cause of the collision, as well as Plaintiff's resulting damages.

29. As a direct and proximate result of the acts and omissions of Defendant Alpha One, Plaintiff has suffered and will continue to suffer damages as set forth herein.

30. Plaintiff is entitled to an award of all actual, consequential, incidental, and punitive damages against Defendant Alpha One.

### FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
(*Wrongful Death*)

31. Plaintiff realleges the foregoing paragraphs as if set forth fully herein.

32. As a direct and proximate cause of Defendants' negligence, negligence *per se*, gross negligence, and recklessness as set forth herein, Plaintiff and the statutory beneficiaries of Blake Penix have lost his comfort, society, and companionship; have suffered severe and extreme emotional distress, anxiety, grief, and sorrow; and have incurred funeral and burial expenses for which Plaintiff is entitled to recover damages against Defendants.

33. Plaintiff is also entitled to an award of punitive damages against each Defendant for the wrongful death of Blake Penix.

### FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(*Survival*)

34. Plaintiff realleges the foregoing paragraphs as if set forth fully herein.

35. As a direct and proximate cause of Defendants' negligence, negligence *per se*, gross negligence, and recklessness as set forth herein, Blake Penix was forced to endure conscious pain and suffering prior to his death, and Plaintiff is entitled to an award of actual, consequential, incidental, and punitive damages against Defendants for these survival damages.

WHEREFORE, Plaintiff prays for judgments against Defendants, jointly and severally, for actual, consequential, and incidental damages caused by their acts and omissions; for punitive damages; and for such other and further relief as this Court deems just and proper.

**YARBOROUGH APPLEGATE, LLC**

s/ *Douglas E. Jennings*
Douglas E. Jennings (Fed ID # 11348)
Liam D. Duffy (Fed ID # 12249)
Brandt R. Horton, IV (Fed ID # 9795)
291 East Bay Street, Floor 2
Charleston, South Carolina 29401
(843) 972-0150 Office
(843) 277-6691 Fax
douglas@yarboroughapplegate.com
liam@yarborougapplegate.com
brandt@yarboroughapplegate.com

*Attorneys for Plaintiff*

April 10, 2025
Charleston, South Carolina